**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEAN SHAFER,

        Plaintiff,

v.

                                    CIVIL CASE NO. 04-60257

JO ANNE B. BARNHART,               HON. MARIANNE O. BATTANI
Commissioner of Social Security,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Plaintiff Jean Shafer brings this action under 42 U.S.C. § 405(g) challenging a final

decision of defendant Commissioner denying her application for Disability Insurance Benefits

("DIB") under sections 216(I) and 223 of the Social Security Act.  On July 12, 2002, Plaintiff

filed an application for DIB alleging an onset date of February 22, 2002.  (Tr. 45-47).  Plaintiff

alleges that she became disabled due to a lung impairment, head injury, vertigo, asthma,

osteoarthritis of the knees, hypertension, bilateral carpal tunnel syndrome, and a nerve

impairment.  (Tr. 16).  She testified that on February 22, 2004, she discontinued work as a

general inspector because of occupational asthma.  (Tr. 411).  After the initial denial of her

application on October 7, 2002, Plaintiff requested an administrative hearing.  On December 23,

2003, Administrative Law Judge ("ALJ") Douglas N. Jones found that Plaintiff was not disabled

because she was able to perform her past relevant work.  (Tr. 25).  On October 22, 2004, the

1

Appeals Council denied review. (Tr. 5-7). Plaintiff filed for judicial review of the final decision on November 22, 2004.

The case was referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross-motions for summary judgment. The Magistrate Judge issued a Report and Recommendation ("R&R") on October 7, 2005, recommending that Plaintiff's motion for summary judgment be granted, and that the case be remanded for further proceedings. The Magistrate Judge found that for the most part, the ALJ adequately supported his findings and decision to deny DIB to Plaintiff. However, the Magistrate Judge found that the administrative decision contained reversible error because the ALJ's conclusion that Plaintiff could perform her past work as an inspector at a sedentary level was clearly erroneous. The Magistrate Judge found the conclusion erroneous because his decision contained inconsistent or unexplained findings about Plaintiff's Residual Functional Capacity ("RFC").

On October 14, 2005, Defendant filed Objections to the R&R, contending that any error committed by the ALJ was harmless. Defendant contends the error is harmless because the ALJ properly found that Plaintiff was not disabled because she could perform her past work as an inspector, regardless of whether her residual functional capacity or the past work is more properly characterized as sedentary or light, and because the vocational expert testified that Plaintiff's past type of work would not require her to do more than her specific residual functional capacity would allow. Defendant argues that remanding this case so that the ALJ can correct his statement that the past work is generally performed at the light, rather than sedentary level would serve no purpose, because it would not change the outcome.

For the reasons stated below, the Court ADOPTS the Magistrate Judge's R & R.

2

## II.     STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or  recommendations made by the magistrate."  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the ALJ's decision and whether the judge applied the correct legal standards in reaching that decision.  Elam v. Comm'r of Soc. Sec., 348 F.3d 124,125 (6th Cir. 2003), 42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record

3

fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v.

NLRB, 340 U.S. 474, 488 (1971)).  However, the court may not review the evidence *de novo*,

make determinations of credibility, or weigh the evidence.  Brainerd v. Sec'y of Health and

Human Servs., 889 F.2d 679, 681 (6th Cir. 1989).  Consequently, the substantial evidence

standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes

that there is a zone of choice within which the decision makers can go either way, without

interference by the courts."  Mullen, 800 at 545 (citations and internal quotations omitted).

## III.   STATEMENT OF FACTS

The Court adopts the detailed recitation of facts contained in the Magistrate Judge's R &

R, but highlights the following specific portions of the record because of the limited nature of the

objections.  At the hearing, after determining Plaintiff's residual functional capacity (RFC), the

ALJ posed a hypothetical question to the Vocational Expert ("VE"), asking:

> If I were to ask you to assume a hypothetical individual of the [Plaintiff's] age,
> education and past work experience, who was limited to performing light work
> that involved the option to alternate between sitting and standing at will and
> involved only occasional bending at the waist, or occasional bending at the knees,
> no crawling, no climbing stairs, no climbing ladders, no, only occasional exposure to
> unprotected heights or uncovered intrinsically hazardous machinery so that just being close to
> the machine could be dangerous if one had poor balance. No exposure to dust, fumes or other
> airborne pollutants other than what might be routinely expected in an indoor air environment and
> no exposure to, you know, consistent with OSHA clean air regulations and no exposure to high
> humidity or very cold or very hot temperature, and no use of vibrating hand tools. Would such a
> person be able to perform any of [Plaintiff's] past jobs, either as she actually performed them or
> as they generally occur in the national economy? And I'll ask you not to consider the press
> operator job because it appears that that was done more than 15 years before the application was
> filed.

The VE stated, that based on the hypothetical limitations, Plaintiff could not work at

her past inspector job as she previously perform it, but retained the ability to perform a

restricted number (6,000) of inspector positions.  (Tr. 434-35).  She indicated that such

4

jobs, which included a sit/stand option would be classified as unskilled, at the light exertional level.  (Tr. 435).  She stated further although additional inspector positions at the sedentary exertional level existed, such positions did not comport with the description of Plaintiff's past work.  (Tr. 436).

Plaintiff's attorney then asked the VE how many jobs were available to a person with the further limitations on the ability to grasp and finger objects.  The VE stated that if Plaintiff were further limited to only occasional use of the hands for griping, grasping, handling, fingering, and feeling, that she could still perform the inspector position, but could not hold such a position if limited to less than occasional use of her hands for the above activities.  (Tr. 437).

Citing Plaintiff's medical records, ALJ Jones found that Plaintiff's impairments of: status-post left posterior tibial tendon tear; degenerative disc disease and osteoarthritis of the lumbar spine and the right sacroiliac joint; degenerative joint disease of both knees; moderate restrictive lung disease; asthma; hypertension; sleep apnea; exogenous obesity; vertigo; bilateral carpal tunnel syndrome; bilateral cubital tunnel syndrome, and; left tarsal tunnel syndrome were collectively severe within the meaning of the Regulations, but were not "sufficiently severe to meet or medically equal the criteria of any impairment, or combination of impairments, contained in the Medical Listings."  (Tr. 24).  The ALJ also found that Plaintiff's allegations of physical limitations were "not totally credible," noting that her claims were inconsistent with the objective medical evidence, and that Plaintiff continued to engage in "an extensive range of daily activites," including visiting her parents, caring for her grandchild, and dining out.  (Tr. 22, 24). He further noted that Plaintiff's allegedly disabling conditions had not required "hospitalization,

5

surgical intervention or other aggressive treatment." (Tr. 22). The ALJ determined that there

was no period of twelve consecutive months during which Plaintiff lacked the RFC to perform a

range of light exertional work as defined in 20 C.F.R. § 404.1567. (TR 22). The ALJ also found

that Plaintiff retained the ability of returning to her past relevant work as a general inspector.

(Tr. 25). He found that Plaintiff retained the RFC to perform:

> a range of light exertional work . . . that permits occasional lifting and carrying of
> up to twenty pounds and occasional lifting of up to ten pounds. [Plaintiff]
> requires the option to alternate between a sitting and standing position at will.
> She can never crawl or climb stairs or ladders. She can occasionally bend at the
> waist [stoop] and occasionally bend at the knees [crouch]. [Plaintiff] can not
> operate any vibrating hand tools. She can not tolerate exposure to constant
> wetness, high humidity or exposure to dust, fumes or other air borne pollutants.

(Tr. 22). The ALJ also stated, in his findings, that, "The claimant also has past relevant work

experience as a general inspector, which required only sedentary exertion." (TR. 24). However,

the VE explicitly stated that a sedentary inspector position was not considered because it could

not be deemed past relevant work. (TR. 436).

## IV. ANALYSIS

In order to establish a compensable disability under the Social Security Act, a claimant

must show that she is unable to engage in any substantial gainful activity by reason of a

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §1382(a)(3)(A). The claimant bears the ultimate burden of establishing a disability

within the meaning of the Social Security Act. Casey v. Sec'y of Health & Human Servs., 987

F.2d 1230, 1233 (6th Cir. 1993).

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk, 667 F.2d at 529. The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of Health and Human Serv., 14 F.3d 1107, 1110 (6th Cir. 1994). The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. If the claimant is so engaged, she is not disabled under the guidelines. The second step examines whether the claimant has a severe impairment which significantly limits her ability to perform work-related functions. Id. If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. § 404, Subpt. P (1981), to determine if, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. If claimant cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable her to perform other work in the national economy. Id.

In the present case, the question before the Court is whether Plaintiff is disabled under step four of this analysis; that is, whether Plaintiff is capable of performing her past relevant work as a general inspector, at the light exertional level, as that job is generally performed in the national economy. The ALJ found that Plaintiff could perform her past relevant work because Plaintiff's physical impairments did not preclude her from fulfilling any of the duties or requirements of her past relevant work as they are generally performed in the national ecomony.

The Court finds that the ALJ erred in his application of the standards set forth in 20 C.F.R. § 404.157.  While the VE did opine that an individual with Plaintiff's physical limitations could, for the most part, perform her past relevant work as a general inspector, what is most important here is that she based that opinion on the assumption that Plaintiff's past relevant work was performed at the light exertional level.  As the VE noted, though, if Plaintiff's job were modified to the sedentary exertion level, it could not be deemed past relevant work.  The ALJ found that Plaintiff could occasionally lift and carry of up to twenty pounds, and occasionally lift of up to ten pounds.  (TR. 22).  This finding does not fit in with either the definition of light or sedentary work under 20 C.F.R. § 404.1567(a) & (b).  Further, the ALJ's finding that Plaintiff's past relevant work as a general inspector was performed at a sedentary exertion level was inconsistent with what the VE stated was Plaintiff's past relevant work experience and the ALJ's own findings stated elsewhere in the decision denying benefits.  While the ALJ did specifically find that Plaintiff retained the RFC to perform a range of light work, he did not accurately apply the limitations and requirements in § 404.1567.

As noted above, when reviewing the ALJ's decision, the Court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."  Mullen, 800 F.2d at 545.  Here, the VE's opinion, when read in its entirety, significantly detracts from the weight of the ALJ's conclusion that Plaintiff was not disabled because she could perform her past relevant work.  Indeed, it is unclear to the Court how the ALJ could conclude that Plaintiff could perform all of the responsibilities of her past relevant work when conflated or ambiguous standards were used to determine Plaintiff's RFC, and when the ALJ inconsistently categorized the level of exertion that Plaintiff performed her past relevant

8

work.  Therefore, the Court holds that the record lacks substantial evidence to support the ALJ's decision that Plaintiff was not disabled because she could work as a sedentary inspector, and because of the ambiguous findings regarding Plaintiff's RFC.  Accordingly, the Court  remands this case to the ALJ to decide whether Plaintiff could perform her past relevant work as a general inspector, at the light exertional level, as that job is generally performed in the national economy.

## IV.      CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Defendant's Motion for Summary Judgment, and **GRANTS**, in part, Plaintiff's Motion for Summary Judgment.

The Court **REMANDS** this case for further fact-finding consistent with this opinion.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: **January 10, 2006**

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Mike E. Lupisella and Janet L. Parker on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK

10